UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JIM MAZZ AUTO, INC.,

         Plaintiff,          **ORDER**

v.

PROGRESSIVE CASUALTY INSURANCE CO.,     08-CV-00494(A)(M)

         Defendant.
---------------------------------------------

JIM MAZZ AUTO, INC.,

         Plaintiff,          08-CV-00541(A)(M)

v.

NATIONWIDE MUTUAL INSURANCE
  COMPANY,

         Defendant.
---------------------------------------------

JIM MAZZ AUTO, INC.,

         Plaintiff,          08-CV-00566(A)(M)

v.

STATE FARM MUTUAL
  AUTOMOBILE INSURANCE CO.,

         Defendant.
---------------------------------------------

JIM MAZZ AUTO, INC.,

         Plaintiff,          08-CV-00583(A)(M)

v.

GEICO CORP.,

         Defendant.
_____

These cases were referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1). Defendants Progressive (08-cv-494), State Farm (08-cv-566), GEICO (08-cv-583) and Nationwide (08-cv-541) filed motions to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). On February 5, 2009, Magistrate Judge McCarthy filed a Report and Recommendation, recommending that defendants' motions be granted in part and denied in part.

Various parties filed objections to the Report and Recommendation. Oral argument on the objections was held on March 13, 2009.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Report and Recommendation to which objections have been made. Upon a de novo review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendation as modified below:

(1) This Court adopts the Report and Recommendation with respect to dismissal of plaintiff's first claim, but notes two additional sources of support for the reasoning that no private right of action exists under N.Y. Insurance Law § 2610. Section 109(d) of the Insurance Law reads, "The superintendent may maintain a civil action in the name of the people of the state to recover a judgment for a money penalty imposed by law for the violation of any provision of this chapter." The plain language of Section 109(d) demonstrates the legislative intent

to have the Superintendent of Insurance represent the public when insurance companies violate the Insurance Law.  Further, Section 2610 is not the only section in the Insurance Law that has been deemed not to contain a private right of action.  See Rocanova v. Equitable Life Assur. Soc., 83 N.Y.2d 603, 614, 612 N.Y.S.2d 339, 343 (1994) ("[T]he law of this State does not currently recognize a private cause of action under Insurance Law § 2601.").  Section 109(d) and Rocanova, combined with the holdings that Judge McCarthy cited for Sections 2610 (no private right of action), 3420(b) (private right of action), and 4226(d) (same), establish an unmistakable pattern.  The only sections of the Insurance Law that create a private right of action are those that the legislature selected deliberately.  There is no need to read a private right of action into the Insurance Law when there is abundant evidence that the legislature chose consciously when and when not to create one.

(2)  With respect to plaintiff's second claim, this Court adopts that portion of the Report and Recommendation recommending dismissal of plaintiff's allegations about Jonathan Gerald, Sr. as untimely.  This Court modifies the Report and Recommendation with respect to plaintiff's second claim by otherwise denying defendants' motions in their entirety.  The Court agrees with Judge McCarthy that plaintiff must identify the business relationships with which defendants allegedly interfered.  However, some clarification is necessary of Judge McCarthy's conclusion that the Amended Complaints fail to state a cause of

action for tortious interference with prospective business relationships "to the extent" that they fail to identify specific potential customers. Details of one such business relationship appear in each of the four Amended Complaints in these cases. The Amended Complaint against Progressive claims that Progressive committed at least 100 acts of steering, but then details one of those acts, concerning a Progressive customer named Angel Kelly. The Amended Complaint against Nationwide details the case of Heidi Kasper Mazzariello as one example of at least 100 acts of steering by Nationwide. The Amended Complaint against State Farm, similarly, details the example of Patti Schenk. Finally, the Amended Complaint against GEICO details the example of Pamela Dunn. Each of these examples contains details of a specific business relationship that each customer already had chosen to establish with plaintiff before defendants intervened. If proven, these examples indicate more than the "reasonable expectancy" needed to establish a prospective business relationship. See Strapex Corp. v. Metaverpa N.V., 607 F. Supp. 1047, 1050 (S.D.N.Y. 1985) (citation omitted).

The Court, however, emphasizes that it is denying defendants' motions against plaintiff's second claim because, so far, plaintiff has pled sufficient detail in each Amended Complaint about one prospective business relationship. This modification of the Report and Recommendation does not affect Judge McCarthy's recommendation regarding leave to amend the complaints, and does

not operate as any comment on any motion for leave to amend that plaintiff might make under FRCP 15(a)(2).

These cases are referred back to Magistrate Judge McCarthy for further proceedings.

SO ORDERED.

                                              s/ *Richard J. Arcar*a
                                              HONORABLE RICHARD J. ARCARA
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

DATED:  March   31  , 2009